In the Matter of MAURICE C. (ANONYMOUS), Appellant.

Second Department, April 2, 1974.

*William E. Hellerstein* and *Charles Schinitsky* (*Russell I. Lynn* of counsel), for appellant.

*Adrian P. Burke, Corporation Counsel* (*Susan S. Belkin* and *Milton H. Harris* of counsel), for respondent.

*Malcolm S. Goddard* (*Gary Glaser* of counsel), for New York State Division for Youth, *amicus curiae.*

BENJAMIN, J. This is an appeal from an order of the Family Court, Kings County, which placed the appellant, a 14-year-old boy in need of supervision, with the New York State Division for Youth (Title III) in a State training school. We are called upon to determine whether the training school is presently an appropriate setting for this boy, without parents, who has a long history of elopements from foster homes and other unstructured facilities, but has never committed acts that would characterize him as a juvenile delinquent as defined in section 712 of the Family Court Act.

Were it not for asseverations made by the Corporation Counsel and, in an *amicus curiae* brief, by the New York State Division for Youth, we would be content to reverse the order and remit the proceeding to the Family Court for placement of this child in a more suitable environment, in conformity with the guidelines enunciated by the Court of Appeals in *Matter of Ellery C.* (32 N Y 2d 588), which made a clear distinction between the confinement of a juvenile delinquent in the quasi-criminal institutional setting of a training school and the treatment and supervision of a PINS (person in need of supervision) who has not been charged with any act that would be criminal if he were an adult.

Both the respondent and *amicus curiae* make the self-serving declaration that the programs and facilities now in operation at this training school comply with the *Ellery C.* directives, in that segregation of the two types of children has already been accomplished. They concede, however, that a self-designated model staffing program will be implemented in the near future and is not yet in existence.

I believe we should not rely upon mere protestations of conformity, unsupported by the record, for reasons best outlined in a November, 1973 report prepared by the Director of the Office of Children's Services, a unit of the Administrative Board of the Judicial Conference of the State. After an exhaustive treatment of the problems of these unfortunate children, the victims of societal neglect, it acknowledges the commendable efforts of the Division for Youth to improve conditions in the State training schools and of the voluntary agencies in developing new programs. However, it demonstrates that too little has been done, that the quality of care and treatment in the training schools must be improved, that larger institutions must be replaced with smaller ones nearer the children's homes and, most importantly, that adequate fiscal resources must be provided to acquire competent staff and facilities. It is conceded that such staff and facilities have not yet been provided and, moreover, that in the instant case the training school has but one half-time psychiatrist for one hundred children.

The record in this case does not demonstrate that the institution in which this infant has been confined meets the standards set in *Ellery C.* (*supra*) for the care and treatment of PINS children. (See *Matter of Esther W.*, 44 A D 2d 603 [2d Dept., dec. March 25, 1974].)

Clearly, therefore, we cannot permit this unfortunate child, whom a Family Court psychiatrist found suffering from childhood schizophrenia, poor judgment and lack of insight, to be confined in the training school at this time. He needs care and psychiatric treatment in a more therapeutic setting than has thus far been achieved in the training school program.

Accordingly, we reverse the order appealed from, on the law and the facts, without costs, and remit the proceeding to the Family Court for the placement of the appellant in a suitable environment, upon testimony and findings, if necessary, as to the suitability of any new commitment, to be made in accord with the criteria of *Ellery C.* (*supra*).

HOPKINS, Acting P. J., MARTUSCELLO, LATHAM and COHALAN, JJ., concur.

Order reversed, on the law and the facts, without costs, and proceeding remitted to the Family Court for placement of appellant in a suitable environment, upon testimony and findings, if necessary, as to the suitability of any new commitment, to be made in accord with the criteria of *Matter of Ellery C.* (32 N Y 2d 588).